**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OWEN HARTY,**

           **Plaintiff,**

**-vs-**                                        **Case No. 6:11-cv-351-Orl-31GJK**

**ROSS DRESS FOR LESS, INC.,**

           **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs (Doc. 32) and the Defendant's Response thereto (Doc. 35).

**I. Background**

On March 8, 2011, Plaintiff initiated this suit for injunctive relief under the Americans with Disabilities Act ("ADA"). In a common ADA case such as this, the Court issues a scheduling order designed to facilitate settlement and resolve the case efficiently–the Court issued such an order in this case on March 13, 2011. (Doc. 5). The parties subsequently reached a settlement and filed a "notice of settlement stipulation" with the Court on November 2, 2011. (Doc. 30). This "notice" however, was not a motion and did not request that the Court take any action to either approve the settlement, or enforce its terms. Accordingly, the Court construed it under Local Rule 3.08 and issued an order on November 3, 2011, dismissing the case without prejudice. (Doc. 31). Plaintiff now moves for attorney's fees and costs pursuant to 42 U.S.C. § 12205.

**II. Analysis**

Under the fee-shifting provision of the ADA, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. "Prevailing party" is defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001), *superseded by statute on other grounds*, Open Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524.

Although some success on the merits is contemplated, a "[s]ettlement agreement[ ] enforced through a consent decree" may also serve as the basis for an award of attorney's fees because it is nonetheless "a court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon*, 532 U.S. at 604 (internal citations and quotations omitted). Additionally, a party may move for attorney's fees where a court explicitly approves a settlement agreement, then expressly retains jurisdiction to enforce its terms after dismissal with prejudice. *Am. Disability Ass'n v. Chmielarz,* 289 F.3d 1315, 1321 (11th Cir. 2002).

On the other hand, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605; *see also Dionne v. Floormasters Enters. Inc.*, 647 F.3d 1109, 1113 (11th Cir. 2011). A dismissal without prejudice is not an adjudication on the merits, *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003), and cannot, therefore, support a finding that

plaintiff was a prevailing party. *Cowan v. MTGLQ Investors, L.P.*, No. 209-cv-472-FtM-29SPC, 2011 WL 2462044 at *3 (M.D. Fla. June 17, 2011) (citing *McRae v. Rollins College*, No. 6:05-cv-1767-Orl-22KRS, 2006 WL 1320153 at *3 (M.D. Fla. May 15, 2006)).

The Court dismissed the instant case without prejudice pursuant to Local Rule 3.08(b), "subject to the right of any party to move the Court within sixty (60) days for the purpose of entering a stipulated form of final order or judgement." (Doc. 31). No such motion was filed. Accordingly, Plaintiff has not established that he is a "prevailing party" as required under 42 U.S.C. § 12205.

Therefore, it is **ORDERED** that Plaintiff's Motion (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 5, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**